# United States Court of Appeals
# for the Fifth Circuit

No. 26-40036
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 16, 2026
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert L. Hedrick,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-715-1

Before Richman, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Robert L. Hedrick, federal prisoner # 94886-279, moves for leave to proceed in forma pauperis (IFP) on appeal from six various orders issued by the district court in his criminal proceeding, his 28 U.S.C. § 2255 proceeding, and his 28 U.S.C. § 2241 proceeding. By moving in this court for leave to proceed IFP, Hedrick is challenging the district court's determination that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-40036

his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). That jurisdiction is lacking to consider Hedrick's appeal of the district court's order entered in his criminal proceeding denying his motion for the district court to direct the Federal Bureau of Investigations to file criminal charges against various individuals and dismissing his motion to proceed IFP as moot. Because there was no legal basis for Hedrick's motions, they were "meaningless, unauthorized motion[s]" that had no jurisdictional basis. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, we lack jurisdiction to consider the merits of the denial and dismissal of those motions. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Furthermore, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because Hedrick did not file a timely notice of appeal of the district court's orders entered in his § 2255 proceeding and § 2241 proceeding, we lack jurisdiction over those appeals. *See id.*; Fed. R. App. P. 4(a)(1)(B).

Accordingly, Hedrick's appeal is DISMISSED for lack of jurisdiction. His IFP motion and his motion for recusal are DENIED.

Hedrick has ignored this court's previous warnings and has remained undeterred by the $100 sanction previously imposed by this court for his continued filing of frivolous, repetitive, or otherwise abusive motions. Because he has failed to heed the court's prior warnings, Hedrick is ORDERED to pay a sanction of $300 to the clerk of this court. Hedrick is WARNED that the filing of future frivolous, repetitive, or otherwise abusive pleadings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Hedrick is INSTRUCTED to review any pending appeals and actions and to move to dismiss any that are frivolous.